In the Matter of the Claim of GABRIELLE JANESCH, Respondent, against SAKS 34TH STREET et al., Respondents, and HELENA RUBINSTEIN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant contracted an occupational disease while demonstrating cosmetic products of employer-appellant Helena Rubinstein, Inc., at the respondent employer Saks store. The issue is whether Rubinstein or Saks was the employer. The Rubinstein report of injury states that claimant was its "employee"; gives a date more than four months earlier than the accident in response to the question of how long "employed by you"; and in answer to the question what was employee doing at time of injury the employer stated in quotes "working as a demonstrator for H. Rubenstein I broke a bottle". The other answers in the report are consistent with employment by Rubinstein. Besides this the proof is that Rubinstein paid claimant's salary; covered her work by compensation insurance and exerted some control over her work in the Saks store. Claimant at the time of injury demonstrated only Rubinstein products. Rubinstein contends that the sales agreement with Saks made claimant actually Saks' employee and that payroll, insurance and other incidents of employment were carried on by Rubinstein on behalf of the true employer Saks. Giving the most favorable inferences to these contentions it would still be an open question of fact whether, as between the claimant and Rubinstein, the latter was not the employer, and there is substantial evidence to sustain the finding of the board to this effect. The record before the Referee developed itself in unorderly and confusing fashion and the Referee several times stated he would require clear "documentary" proof of agreement between Rubinstein and Saks to overcome the documentary proof that Rubinstein was the employer. Appellants claim they were prevented from proving their contention before the Referee but the record shows that by full participation in long colloquies and discussions among an officer of Rubinstein, called as a witness, the Referee and counsel on both sides, merging from testimony to discussion, to argument, the factual contentions urged by appellants on appeal were adequately developed. No reason why a witness whom appellants asked to call on the last hearing could not have been called at one of several earlier hearings has been demonstrated. Decision and award unanimously affirmed, with costs to respondents, Saks 34th Street and Liberty Mutual Insurance Company. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.